MOORE *et al. v.* HOOD.

1. Under the act of December 17, 1901 (Acts 1901, p. 39), amending section 3249 of the Civil Code, any owner of adjoining land, who may be dissatisfied with the lines as run and marked by processioners and the surveyor, may file his protest thereto with the ordinary within thirty days after the processioners have filed their returns, specifying therein the lines objected to and the true lines as claimed by him, and the ordinary is required to return the papers to the clerk of the superior court.

2. The requirement of filing a protest with the ordinary within thirty days after the processioners had filed their returns was not complied with by filing such a protest with the clerk of the superior court, although the

ordinary may have told the dissatisfied landowner to file it with the clerk if the ordinary should be busy in connection with the road work of the county. A protest so filed, and which was never filed with the ordinary, should have been dismissed on motion.

Argued June 18,—Decided October 14, 1908.

Processioning. Before Judge Fite. Milton superior court. September 9, 1908.

*J. P. Brooke,* for plaintiffs.

LUMPKIN, J. Moore and others applied to have the processioners of the district survey and mark the lines between their lands and those of adjoining owners. The processioning was had and a return made. An owner of adjoining land, being dissatisfied, sought to file a protest. When the case was called in the superior court, a motion was made to dismiss the protest, on the ground that it had never been filed with the ordinary or in his office before it came into the hands of the clerk of the superior court. The motion was overruled, and this was assigned as error. A verdict was rendered in favor of "the defendant," apparently meaning the protestant. The applicants for processioning made a motion for a new trial, which was overruled, and they excepted.

It is only necessary to notice one of the assignments of error. Under the Civil Code, §3249, it was provided that any owner of adjoining lands, who might be dissatisfied with the lines as run and marked by the processioners and surveyor, might file his protest thereto with the processioners, within thirty days after such lines were run and marked. Upon the filing of such a protest, the processioners were required to return all the papers to the clerk of the superior court of the county where the land lay. This was amended by the act of 1901, by requiring that the protest should be filed with the ordinary within thirty days after the processioners had filed their returns, and by requiring the ordinary to return all the papers, including the protest so filed, to the clerk of the superior court, who should then enter the case on the issue docket for trial. Under the Civil Code, §3251, it is the duty of the processioners to make a return of their acts, together with the plat of the surveyor, to the ordinary of the county. Thus the method prescribed by the law, as it now stands, is that the processioners shall make a return to the ordinary; and if a dissatisfied landowner desires to protest, he shall file his protest with the or-

dinary. When this is done, that official transmits the papers to the clerk of the superior court, and the latter enters the case upon the issue docket.

In the present case it appeared that the protest was not filed with the ordinary, but with the clerk of the superior court, and that it had never been in the office of the ordinary at all. The protestant sought to excuse this deflection from the legal requirement, by testifying that the ordinary had stated he was "road working and busy, and he might be gone, and if I did, to file it with the clerk, and this I did. I did not know Mr. Seale [the ordinary] was here when I filed the paper; I did not find him. . . He ordered me to file it with the clerk, if I did not find him, and I did not find him, though I passed his house and did not inquire there or ask for him at all. I went under his directions." The law requires that the protest shall be filed with the ordinary; and that officer has no authority to direct that it be filed elsewhere. The filing with the clerk of the superior court will not answer. It does not appear that the paper ever found its way into the hands of the ordinary or into his office. It was not filed as provided by law, and should have been dismissed on motion.

*Judgment reversed. All the Justices concur.*